UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA JEAN MONETTE,

      **Plaintiff,**

v.                              **Case No. 8:25-cv-171-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,**

      **Defendant.**
_____/

## ORDER

Amanda Jean Monette requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). (Doc. 11). After reviewing the record, including the transcripts of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **REMANDED**.

## I.    PROCEDURAL HISTORY

Ms. Monette applied for DIB and SSI on July 1, 2021, with an alleged disability onset date of December 23, 2019. (Tr. 131−50, 152−62, 164−74).

1

Disability examiners denied Ms. Monette's application initially and after reconsideration. (Tr. 174–84, 196–211). Ms. Monette requested a hearing, which was held on September 19, 2023, and continued to February 20, 2024. (Tr. 40–91). Following the hearing, the ALJ issued an unfavorable decision to Ms. Monette on April 11, 2024. (Tr. 18–39). The Appeals Council denied Mr. Monette's request for review, making the ALJ's decision final. (Tr. 5–10). Ms. Monette now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Background

Ms. Monette was 27 years old on her alleged disability onset date and 31 years old at the time of the ALJ's decision. (Tr. 32, 131, 395). Ms. Monette has one year of college education. (Tr. 337). The ALJ did not determine whether Ms. Monette had past relevant work.[1] (Tr. 30). Ms. Monette alleges disability due to: mathematics disorder, bipolar 1 disorder, persistent depressive disorder, major depressive disorder, generalized anxiety disorder, unspecified personality disorder, obesity, arthritis in left ankle, migraine disorder, and asthma. (Tr. 336).

---

[1] The Commissioner's memorandum asserts Ms. Monette has past relevant work as a customer service agent. (Doc. 21, p. 2) (citing Tr. 337–38).

## B.    Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work)

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

[4] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. § § 404.1545(a)(1), 416.945(a)(1).

do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Ms. Monette had not engaged in substantial gainful activity since December 23, 2019, the alleged onset date. (Tr. 24). The ALJ found Ms. Monette has these severe impairments: a history of left ankle osteoarthritis, seizures, trigeminal neuralgia, headaches, idiopathic gastroparesis, obesity, learning disorder (mathematics), bipolar disorder/depression, generalized anxiety disorder, personality disorder, and post-traumatic stress disorder. (*Id.*). However, the ALJ concluded Ms. Monette's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 24–25).

The ALJ found Ms. Monette had an RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c) except:

> [Ms. Monette] can never climb ladders, ropes, and/or scaffolds. The claimant can occasionally climb ramps and/or stairs. She can occasionally balance. The claimant must avoid concentrated exposure to extreme cold, excessive noise, vibration, fumes, odors, dusts, and gases, as well as the use of dangerous moving machinery and exposure to unprotected heights. She is limited to understanding, remembering, and/or carrying out simple instructions. The claimant can perform simple tasks. She can occasionally interact with the public, coworkers, and supervisors. The claimant is also limited to performing low-stress work, which is further defined as having only occasional decisionmaking and only occasional changes in the work setting.

(Tr. 25–26).

4

The ALJ found there was insufficient evidence to determine Ms. Monette's past relevant work and proceeded to step five to determine if regardless there is other work Ms. Monette could perform. (Tr. 30). Using the assistance of a vocational expert (VE), and considering Ms. Monette's age, education, work experience, and RFC the ALJ then determined Ms. Monette can perform work that exists in significant numbers in the national economy. (Tr. 31). Specifically, Ms. Monette can perform the jobs of housekeeping cleaner, produce sorter, and garment sorter. (*Id*.). As a result, the ALJ found Ms. Monette is not disabled. (Tr. 32).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is

not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.    Issues on Appeal

Ms. Monette raises three issues on appeal: (1) whether the ALJ properly applied the regulations when evaluating the medical opinion evidence; (2) whether the ALJ properly developed the record and considered the side effects of medications; and (3) whether the ALJ properly considered Ms. Monette's subjective complaints.[5]

---

[5] Ms. Monette presents her arguments in a different sequence.

6

**1.    Whether the ALJ properly complied with the regulations when considering medical opinion evidence.**

Medical opinions must be evaluated for persuasiveness according to 20 C.F.R. §§ 404.1520c(c), 416.920c(c). This regulation requires the ALJ to consider "five factors when determining the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors that 'tend to support or contradict a medical opinion or prior administrative medical finding.'" *Kilburn v. O'Malley*, No. 6:24-CV-787-NWH, 2025 WL 3669561 at *2 (M.D. Fla. Sept. 9, 2025) (citing 20 C.F.R. § 404.1520c(c))).

Supportability and consistency are the most important factors the ALJ considers when determining the persuasive value of medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520(b)(2), 416.920(b)(2). The regulation explains the supportability and consistency factors as follows:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

7

20 C.F.R. §§ 404.1520c(c)(1), (2), 416.920c(c) (1), (2). The regulation requires the ALJ to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions" in making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The ALJ may, but is not required to, explain how the ALJ considered the remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(2), (3), 416.920c(b)(2), (3). The ALJ will consider one or more medical opinions or prior administrative medical findings from the same medical source together using the above factors, and the ALJ need not articulate how he or she considered each opinion or finding. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Ms. Monette argues the ALJ failed to properly consider the treating gastroenterologist's opinion and the state agency consultants' physical and psychiatric medical opinions. (Doc. 11, pp. 10–13). In response the Commissioner argues the treating gastroenterologist's opinion is a not "medical opinion" as defined by the regulations and thus the ALJ did not have a duty to evaluate its persuasiveness. (Doc. 21, pp. 6–9). Further, the Commissioner argues the ALJ properly considered the state agency

consultants' opinions. (*Id.* at 9−12).

"[A] 'medical opinion' is defined as 'a statement from a medical source about what [the claimant] can still do despite [his/her] impairment(s)' and whether the claimant has any functional limitations or restrictions regarding the certain enumerated abilities." *Wood v. Comm'r of Soc. Sec.*, No. 6:20-CV-963-LRH, 2021 WL 2634325 at * 5 (M.D. Fla. June 25, 2021) (quoting 20 C.F.R. § 404.1513(a)(2)). The regulations distinguish "medical opinions" from "other medical evidence." *See* 20 C.F.R. § § 404.1513(a)(2), (3), 416.913(a)(2), (3). "Other medical evidence is evidence from a medical source that is not objective medical evidence[6] or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3); *cf. Wood*, 2021 WL 2634325 at *5 ("[a] 'medical opinion' does not include 'judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis.'").

The treating gastroenterologist's, Dr. Blake Jefferson's, opinion does not qualify as a "medical opinion." *See Coles v. Kijakazi*, No. 1:22CV199-AW/CAS,

---

[6] Objective medical evidence is defined as "Objective medical evidence is medical signs, laboratory findings, or both, as defined in §§ 404.1502(f) [and in § 416.902(k)]." 20 C.F.R. § 404.1513(a)(1), 416.913(a)(1).

2023 WL 2898680 at *12 (N.D. Fla. Mar. 10, 2023) ("Statements by a medical source reflecting judgments about a claimant's diagnosis and prognosis are not considered medical opinions because they do not necessarily provide perspectives about the claimant's functional abilities and limitations."), *report and recommendation adopted*, No. 1:22-CV-199-AW-CAS, 2023 WL 2895732 (N.D. Fla. Apr. 11, 2023), *aff'd sub nom. Coles v. Comm'r, Soc. Sec. Admin.*, No. 23-11944, 2024 WL 3311318 (11th Cir. July 5, 2024). Dr. Jefferson partially completed a Medical Source Statement. (Tr. 1014−1017). Dr. Jefferson's statement identified Ms. Monette's symptoms, identified clinical findings and objective signs, and described the treatment and response. (Tr. 1014−1015). Dr. Jefferson declined to fill out the remaining portions of the Medical Source Statement,[7] which generally ask the treating physician to assess the patient's functional limitations. (Tr. 1015−1017). Dr. Jefferson made no statement about what Ms. Monette can still do despite her impairments and whether the claimant has any functional limitations or restrictions regarding the certain enumerated abilities. Accordingly, Dr. Jefferson's statement is not a "medical opinion," and Ms. Monette cannot establish reversable error for failure to properly consider Dr. Jefferson's medical opinion. *See Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) ("The administrative law judge

---

[7] Dr. Jefferson referred the matter to Surgeon Allen Chudzinski and wrote "N/A" on the remaining portions of the Medical Source Statement.

was not required to state what weight he assigned to medical records that did not qualify as medical opinions. An administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion.").

The state agency medical consultants', Prianka Gerrish, M.D. and Janis McNeil, M.D, opinions qualify as medical opinions. As such, the ALJ is obligated to explain how the ALJ considered the supportability and consistency factors for the medical sources' medical opinions when evaluating the persuasiveness of the opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ found Dr. Gerrish's and Dr. McNeil's opinions the "most persuasive." (Tr. 30). The ALJ assessed these opinions as follows:

> Instead, the undersigned finds most persuasive the State agency opinions from Prianka Gerrish, M.D., and Janis McNeil, M.D., who each opined the claimant remained capable of a reduced range of medium work activities. The opinions are well-supported and consistent with the record evidence, including any new records that have been submitted since the request for hearing.

(Tr. 30).

Although the ALJ mentions supportability and consistency, the ALJ does not comply with the regulations because the ALJ failed to *explain* how the ALJ considered the supportability factor. *See Von Achen v. Comm'r of Soc. Sec.*, No. 6:20-CV-1979-LHP, 2022 WL 833679 at *5 (M.D. Fla. Mar. 21, 2022) (remanding where "the ALJ failed to provide any explanation or citation to the record with respect to the consistency factor.").

Specifically, the ALJ failed to adequately address supportability of the opinions because the ALJ did not articulate "the extent to which [the] medical source has articulated support for the medical source's own opinion." *Tookes v. Comm'r of Soc. Sec.*, No. 6:21-CV-1159-DCI, 2022 WL 1665447 at \*2 (M.D. Fla. May 25, 2022). The ALJ's generalized statement that "the opinions are well supported" leaves the court "to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence." *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-CV-01515-RBD-DCI, 2020 WL 1957597 at \*4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, No. 6:19-CV-1515-ORL-37DCI, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020).

The ALJ's finding regarding Dr. Gerrish's and Dr. McNeil's medical opinions does not comply with the regulation and therefore the decision is not supported by substantial evidence. *See Collins v. Comm'r of Soc. Sec.*, No. 2:23-CV-276-KCD, 2024 WL 1694704 (M.D. Fla. Apr. 19, 2024) ("[C]onclusory statements about consistency and supportability are insufficient to show that substantial    evidence supports the ALJ's decision.")    (citation    omitted); *Compare Von Achen*, 2022 WL 833679 at \*4−6 (M.D. Fla. Mar. 21, 2022) (remanding when the ALJ merely stated the opinion was "not persuasive because it was not consistent or supported by the record" without providing any further explanation or citation to record), *with  McKiver v. Comm'r of Soc.*

12

*Sec.*, No. 6:23-CV-712-DCI, 2024 WL 2013674 at *2−3 (M.D. Fla. May 7, 2024) (finding the ALJ adequately considered the supportability factor where the ALJ stated the opinion "is not supported in essentially all of the normal objective examination findings documented during claimant's CE" after "thoroughly discuss[ing] Claimant's CE in the preceding paragraphs.").

Similarly, the ALJ failed to undertake the proper persuasiveness analysis when weighing the psychiatric medical opinions of Brain McIntyre, Ph.D. and Janet Anguas-Keiter, Psy.D.   The ALJ found the opinions "persuasive, as they are each well-supported and consistent with the evidence (Exhibits 6A and 10A)." (Tr. 25). The ALJ assessed the persuasiveness of these opinions as follows:

> [Drs. McIntyre and Anguas-Keiter] noted some potential difficulties with detailed instructions and complex tasks, though they each generally agreed that the claimant remained capable of a reduced range of work with certain nonexertional mental limitations that are consistent more or less with those outlined above (Exhibits 6A and 10A).

(Tr. 30).

Again, the ALJ failed to adequately articulate the supportability of the opinions because the ALJ did not articulate "the extent to which [the] medical source has articulated support for the medical source's own opinion." *Tookes*, 2022 WL 1665447 at *2. The ALJ's record citation to the two medical opinions is inadequate to determine if substantial evidence supports the ALJ's

13

determination the opinions are well-supported and persuasive; to find otherwise would impermissibly substitute the court's judgment for the ALJ's. *see Pierson*, 2020 WL 1957597 at \*4, *report and recommendation adopted*, 2020 WL 1955341 (finding the ALJ's conclusory statement "insufficient to allow the Court to determine that the ALJ's decision is supported by substantial evidence.").

Therefore, the ALJ failed to comply with the regulation when considering the state agency medical consultants' opinions and the decision is not supported by substantial evidence.

### 2. Whether the ALJ properly developed the record and considered the side effects of medications

The ALJ has an obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record."). "This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* (citation omitted). Ms. Monette contends the ALJ failed to develop a full record and relatedly failed to consider the side effects of her medications. (Doc. 11, pp. 15−17). The Commissioner contends the ALJ did not err. (Doc. 21, pp. 18−20).

The ALJ has a duty to investigate the possible side effects of a claimant's medications. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); *McDevitt v.*

14

*Comm'r of Soc. Sec.*, 241 F. App'x 615, 619 (11th Cir. 2007) ("We have stated that an ALJ has a duty to investigate the possible side effects of medications taken by a claimant."). Here, the ALJ specifically addressed Ms. Monette's medication side effects as follows:

> The claimant has alleged her medications cause a variety of side effects (Exhibit C7E). There are little to no reports of medication side effects to prescribing doctors within the evidence. No additional limitations to account for any purported medication side effects appear appropriate.

(Tr. 29).

In Exhibit C7E, Ms. Monette lists tardive dyskinesia (TD) as a side effect of the Latuda medication. (Tr. 368). She explains when she originally applied for disability her illness was termed TD and that it has developed into almost daily seizures, and "doctors are working to figure out what is going on." (*See Id.*). Upon review, the record contains multiple reports of seizures to physicians in record. *See e.g.*, Tr. 675, 687, 692, 699, 705, 762. For example, Mary Lowrey, MD notes "At her last appt, her medications were continued, but Latuda was decreased to 40mg daily per her request, . . . She would like to further taper the Latuda to 20mg. . . . She states her neurologist would like her to go off of Wellbutrin because it lowers seizure threshold and she was recently hospitalized for seizure." (Tr. 762).

Accordingly, the ALJ's discussion of Ms. Monette's medication side effects and determination that "[t]here are little to no reports of medication

15

side effects to prescribing doctors within the evidence" is not supported by substantial evidence. *See McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x. 615, 619 (11th Cir. 2007) (remanding when the "ALJ made no finding, as to credibility or otherwise, regarding [the claimant's] claim that his medications caused severe concentration problems and made him drowsy."); *Edwards v. O'Malley*, 791 F. Supp. 3d 1303, 1306 (N.D. Fla. 2024) ("numerous courts have held that remand is appropriate when the record shows a claimant has complained of medication side effects but the ALJ's decision did not discuss the side effects in determining the claimant's ability to work.").

### 3.    Remaining Issue

Because remand is appropriate for the two issues discussed above on independent grounds, the court declines to address Ms. Monette's remaining argument that the ALJ failed to properly consider Ms. Monette's subjective complaints. The ALJ will likely consider Ms. Monette's subjective complaints when further assessing Ms. Monette's medication side effects. *See, e.g., Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the further proceedings); *Francis v. Saul*, No. 8:18-CV-2492-T-

SPF, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (holding that the plaintiff's remaining issues need not be addressed because the case is being remanded to the Commissioner).

## IV.    CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the plaintiff.

**ORDERED** in Tampa, Florida on March 25, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

17